EUPHROSINE FOUVERGNE ET AL. APPELLANTS, *v.* THE MUNICIPALITY NO. 2, OF THE CITY OF NEW ORLEANS ET AL.

Where a will was established in New Orleans, in 1792, by order of the alcalde, an officer who had jurisdiction over the subject-matter, his decree must be considered as a judicial act, not now to be called into question.

Fouvergne et al. *v.* City of New Orleans et al.

The courts of the United States have no probate jurisdiction, and must receive the sentences of the courts to which the jurisdiction over testamentary matters is committed, as conclusive of the validity and contents of a will. An original bill cannot be sustained upon an allegation that the probate of a will is contrary to law.
Moreover, the fraud charged in this case, is not established by the evidence.

THIS was an appeal from the circuit court of the United States for the eastern district of Louisiana, sitting as a court of equity.

The principal circumstances of the case, which furnished the basis of the judgment of this court, are set forth in the opinion.

The entire case was one which covered a vast deal of ground. For the appellants there was a brief filed by Mr. S. Paul, of nearly 150 pages, which was adopted by Mr. Taylor, and one by Mr. Taylor himself, of the same size. On the part of the appellees, the brief of Mr. Janin was only 30 pages. These papers contained a vast deal of research into the civil law upon many points of the case which were not noticed in the opinion of the court, whose judgment rested upon a single point as disposing of the case. It is not necessary, therefore, to report them.

The case was argued by *Mr. Taylor* and *Mr. Lewis,* for the appellants, and by *Mr. Janin,* for the appellees.

Mr. Justice CAMPBELL delivered the opinion of the court.

The plaintiff filed her bill in chancery to recover a share of the succession of Marie Josepha Deslondes, (wife of Bertrand Gravier,) who died at New Orleans, in November, 1792, without lineal heirs, she claiming to be one of the heirs at law of said decedent. After the death of his wife, Bertrand Gravier placed a petition before the first alcalde of New Orleans, stating that his wife had made a will before a notary and three assisting witnesses; that the testamentary dispositions, as set down, conformed to her instructions, and were given while she was of a sound mind, but she had lost her consciousness before she had signed the paper; and prayed that the assisting witnesses might be examined to prove the will, and that the same might be declared valid in all its parts, in the same manner as if she had signed it. An order was made by the alcalde on this petition, with the approbation of the assessor of the intendancy, and the sanction of the governor and intendant-general, directing the notary to take the examination of the witnesses, as the petitioner had solicited. The witnesses, on their examination, testified that the notary had drawn the will in accordance with the directions of the testatrix, and they were given when her mind and memory were sound; but that before the formal writing was finished she had lost her consciousness, and did not therefore

sign the same. Upon the return of the depositions to the alcalde, he entered the following decree :—

### Decree.

Under advisement, [*vistos.*] The will, proved by a legalized notarial act to have been made by Dona Maria Josefa Deslondes, who was the lawful wife of Don Bertrand Gravier, is declared valid and subsisting; let it be kept and executed in all its parts; and in order that this declaration, relative to said will, may remain permanent, there shall be placed on the notarial register, and on the original will, a note referring to the proceedings, giving to the parties interested certified copies of both documents, whenever they may ask for them. And whereas the said Don Bertrand Gravier, sole heir, has attained the years of majority, and that the property is notoriously large, there is, for this reason, no necessity for judicial proceedings; and for security for payment of the six thousand dollars to the absent heirs, he (Gravier) will immediately mortgage the plantation until final payment, or till otherwise agreed to by the parties. Whereupon, these proceedings terminated, let the costs be taxed by D'n Louis Libtaud, after acceptance and oath, and let them be paid by the heir, twenty-four reals having been received as the assessor's fee.

(Signed)            PEDRO DE MARIGNY,
LICENTIATE MANUEL SERRANO.

Thus decreed by D'n Pedro de Marigny, knight of the order of St. Louis, and first alcalde for his majesty, having original jurisdiction in this city and its judicial precincts, with the approbatory opinion of D'n Manuel Serrano, assessor-general of this intendancy, and he signed the same in the city of New Orleans, the 21st November, 1792.

(Signed)            PEDRO PEDESCLAUX,
*Not. Pub.*

By this will, the testatrix bestowed legacies in favor of a number of her relations, and instituted her husband for her sole and universal heir, in order that after her death he should inherit the remainder of her property. The defendants claim the property described in the bill under titles derived from this heir.

The bill charges that Bertrand Gravier, fraudulently induced the notary to prepare a will for his wife, and witnesses to attest the act, and, although the legal formalities were wanting which were necessary to its validity, a "sham decree" of probate was procured from the alcalde by the corrupt agency of the said instituted heir. The defendants deny these allegations, and they

have not been supported by testimony. The will has remained without contestation for above a half century. The alcalde, assessor, notary, and witnesses, maintained during their lives a good reputation for probity. The property of the testatrix was distributed without opposition, according to the provisions of the will, and is now held, under titles derived from the instituted heir. This evidence disposes of the allegations of the bill, except those which impugn the sufficiency of the act as a legal instrument.

That question, in our opinion, is closed by the decree of the alcalde. That decree declares the will to be valid and subsisting, and directs its execution. We are obliged to treat the decree as the judicial act of a court of competent jurisdiction. In fact, it was the only judicial authority in the province of Louisiana, except that exercised by the governor.

This decree remains in full force, never having been impeached, except in this collateral way. The courts of the United States have no probate jurisdiction, and must receive the sentences of the courts to which the jurisdiction over testamentary matters is committed, as conclusive of the validity and contents of a will; an original bill cannot be sustained upon an allegation that the probate of a will is contrary to law. If any error was committed in allowing the probate, the remedy is in the state courts, according to their appropriate modes of proceeding; such was the decision of this court in Tarver *v.* Tarver, 9 Pet. 174.

The decision of this question is sufficient to dispose of the case, and we decline any inquiry in reference to any other which was discussed at the hearing.

Decree of the circuit court affirmed.