**BOAL v. METROPOLITAN MUSEUM OF ART OF CITY OF NEW YORK et al.**

(District Court, S. D. New York. October 18, 1922.)

No. 23–289.

1. **Wills ☞855—Estate divested when condition subsequent occurs, whether or not there be a valid executory devise.**

   If vested estate be subject to condition subsequent, it will be divested when the condition occurs, whether or not an executory devise be validly created.

2. **Wills ☞821 (5)—Gift over to trustees for purpose of sale, if trust fund should be insufficient, held to create charge.**

   Under will bequeathing property subject to life estate "and with proviso hereinafter made," and thereafter providing that such bequest was subject to condition that, if a trust fund was insufficient, there was be-

queathed to the trustee for purpose of sale sufficient of such property to realize amount of the deficiency, but that legatee might avoid sale by paying amount of deficiency, merely a charge on the bequest was created.

3. **Wills** ⧈➙849—**Legatee named in bequest, and not residuary legatee or next of kin, held to take benefit of lapse of charge on legacy.**

Where legacy was subject to condition that, if trust fund was insufficient, there was bequeathed to the trustee sufficient of the property to make up such deficiency and such charge on the legacy failed for invalidity, the legatee named in such bequest, and not residuary legatee or next of kin, had the benefit of the lapse.

4. **Wills** ⧈➙440—**Intent immaterial when different from natural meaning of words used.**

Testator's actual intention is of no importance in construing will, when different from natural meaning of the words used by him.

In Equity. Suit by Theodore Davis Boal, as executor of Annie B. Davis, deceased, and another, against the Metropolitan Museum of Art of the City of New York and another. On motion to dismiss. Motion granted unless bill amended.

See, also, 292 Fed. 303.

Robert Thorne, of New York City, and James C. Collins, of Providence, R. I., for the motion.

William E. Carnochan and Herbert Parsons, both of New York City, and Lyman K. Clark, of Boston, Mass., opposed.

LEARNED HAND, District Judge. [1] It is, of course, the rule that if a vested estate be subject to a condition subsequent, it will be divested when that condition occurs, no matter whether or not an executory devise be validly created. The preceding estate is by hypothesis limited by the condition, and that ends it. But it was a question open, at least originally, to considerable doubt, in case the only condition upon the preceding estate is contained in the clause which creates the executory bequest over, whether the law should treat the condition as imposed upon the preceding estate, when the executory bequest itself fails. However, in England it was settled in the Exchequer Chamber in Doe v. Eyre, 5 C. B. 713, that words of limitation contained in the devise over would effect a termination of the preceding estate notwithstanding the invalidity of the executory devise itself. The case was somewhat unwillingly followed by Kindersley, V. C., in Robinson v. Wood, 27 Law J. Ch. 726, and with equal unwillingness by Fry, J., in Hurst v. Hurst, L. R. 21 Ch. D. 278, his decision being affirmed in the Court of Appeal. The same doctrine in effect was accepted in O'Mahoney v. Burdett, L. R. 7 H. L. 388, and must be accepted as the settled law of England. However, J. C. Gray, a writer of highest authority on the subject (Rule Against Perpetuities, § 786), declares that Doe v. Eyre, supra, is "one of the most inexplicable cases in the books," and disapproves the whole doctrine which rests upon it.

It is therefore open to considerable doubt whether the rule would be law in this country, and if it were necessary to a decision of this case I might feel free to reconsider it, there being no decision authoritative upon me, so far as I know. However, in the view I take, it is not nec-

⧈➙For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

essary to dispute the rule, and in what I shall say I shall assume it to be law.

[2] What, then, are the facts at bar? The seventh article of the will prescribes that, "subject to the life estate therein of Mrs. Andrews and with proviso hereinafter made I give and bequeath to the Metropolitan Museum of Art" the collection in question. Another paragraph then follows setting up the proviso, it reads:

"The foregoing bequest to the Metropolitan Museum of Art is subject however to the condition and I do hereby will, provide and declare" that if the principal of his trust estate be not sufficient for the trusts therein set up, "then I give and bequeath to said Rhode Island Hospital Trust Company for the purposes of sale * * * sufficient of said pictures and articles to realize a net amount equal to the deficiency in said trust estate * * * the Metropolitan Museum of Art however to have the right to pay any such deficiency and thereby avoid the sale."

In order to bring the bequest over within the doctrine of Doe v. Eyre, supra, the plaintiffs must show that it is necessarily in substitution for the original; that is, that it is an executory limitation upon it. Now it is true that I must decide this case upon the assumption that, as things turned out, the whole collection would be necessary to answer the deficiency in the trust fund, and it is perhaps fair to suppose that the museum would never think it worth while to redeem it, though that does not inevitably follow. Neither of these facts is, however, material. Even were the relation of the value of the collection to the amount of the deficiency of moment, the only relevant time to take it would be the death of the testator, and there is no allegation of their relation at that time. But the whole issue is quite irrelevant anyway. The proviso was not intended to create a bequest over at all, but merely a charge upon the bequest to the Museum, the effect of a lapse of which I reserve for the moment. Because of the substance of the proviso taken as a whole, I say this very positively in spite of its form, i. e., a bequest over of an unascertainable portion of the collection in case of a deficiency. The plaintiff's argument must proceed upon the theory that the bequest of each chattel in the collection was subject to a condition that, in case of a deficiency and according to the amount of the deficiency, it should pass to the legatee over. I will not say that there might not be a genuine executory bequest on such a condition, the amount of the chattels passing being dependent upon the deficiency. However, if theoretically possible, it would be practically most unlikely, and in any event this bequest over was not such at all, because it provided that the only thing which the legatee over could do with the chattels was to sell them and so raise money for the trust fund. This did not give the legatee over an absolute right to the chattels; it merely subjected them to a lien, as it were, by virtue of which money could be raised from their sale. This would alone be enough to fix the nature of the proviso as a charge, but the testator went even further in expressly providing for the right of redemption by the Museum upon paying the deficiency.

[3] Now it was, and I suppose still is, a well-settled rule of the English law that when real estate was devised to A. charged with annuities or other legacies, and these for any reason failed, that the

charge is not regarded as an exception out of the devise, but that the devisee had the benefit of the lapse. This was so ruled in Jackson v. Hurlock, Ambler, 487; Wright v. Row, 1 Brown's C. C. 61; Kennall v. Abbott, 4 Ves. 802, 8811; Cooke v. Stationer's Co., 3 Mylne & K. 262; and Tucker v. Kayess, 5 K. & J. 339. It must, of course, appear that the devise is not intended alone for the purpose of raising the sums in question (King v. Denison, 1 V. & B. 260; Croome v. Croome, 59 Law T. Rep. 682, affirmed 61 Law T. Rep. 814), a distinction well illustrated here in the contrast of the two bequests themselves. It is clear that the bequest to the museum was intended to give it a possible beneficial interest, while it is equally clear that the bequest over was not intended to give the legatee over any interest whatever beyond the deficiency in the trust fund. There is such a strong leaning towards this rule as indeed to affect the interpretation of wills. Thus Lord Hatherly in Tucker v. Kayess, supra, quotes himself as saying, in Cooper's legacy, that he had never known of a case where a provision for the payment of a sum of money had been construed as an exception out of the estate and not as a charge.

This being true and the charge failing for invalidity, there is no exception which can inure to the benefit of residuary legatee or next of kin. These cases are to be distinguished from those in which realty is devised to trustee or executors to sell and only the residue of the proceeds is bequeathed after the annuities or legacies have been paid. In that case the heir takes the lapsed legacies, since realty is not caught up in a residuary clause.

[4] The plaintiffs also appear to rely upon the form of the bequest, "with proviso," etc. But the statement at the outset that there will be a proviso to the bequest could hardly change the effect of the proviso when it occurred. It still remained the proviso that it was, with all the infirmities of its nature upon it. The suggested construction of the seventh article of the will as a bequest of only the residue of the collection to the museum is really quite remote from anything that the testator said, and may be disregarded. The allegations of the testator's intentions in the ninth article of the bill are immaterial. A testator's intentions make no difference; the controlling fact is the words which he used. Although it could be shown beyond the slightest question that he intended something quite different from the natural meaning of the will, no court would pay any attention to it. To do so would be to repeal the statute. We take the words and attribute to them the usual meaning they would have if used by one in the testator's circumstances, and it is his duty to see that he uses them to fit his intention. His actual intention as a part of his inner history is of not the slightest importance, any more than the actual intention of the parties to a contract.

The motion is granted, with leave to plead over in 20 days. If the bill is not amended, it will be dismissed, with costs.