ANNETTA S. MERRILL *et al vs.* RHODE ISLAND HOSPITAL
TRUST COMPANY, Trustee.

APRIL 16, 1923.

PRESENT:  Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

*(1)  Equity.   Decrees.   Collateral Attack.   Bill of Review.*

Where by decree of the court it had been determined that the trusts created by an instrument were valid *inter vivos* trusts, such adjudication cannot be attacked collaterally by any of the parties in the first suit in a petition to probate the trust deed as part of the will of the settlor; nor can the parties attack the former decree directly, since the time for filing a bill of review in equity by analogy with the time for filing a petition for new trial at law, cannot exceed one year from the entry of the original decree.

BILL IN EQUITY for distribution of fund in hands of trustee. Heard on appeal of certain respondents and denied.

SWEETLAND, C. J.   The above entitled cause is a bill in equity praying that the respondent Trust Company be

directed to distribute a certain fund now in its hands. In the Superior Court a decree was entered ordering the distribution of a portion of said fund. The cause comes before us upon the appeal of certain respondents.

It appears that on August 14, 1911, Theodore M. Davis, then of Newport and now deceased, by a written instrument assigned and transferred to said Trust Company personal property and securities of more than $2,000,000 value to hold the same, together with all property which he might from time to time thereafter add thereto, under a revocable trust, for certain purposes in said instrument set forth; and the Trust Company in writing accepted the property and agreed to carry out the trust. Its terms, in substance, are as follows: the Trust Company is directed to pay to the settlor the net income arising from the trust property during his life, upon his death to pay from the trust fund certain sums and annuities to various persons named in said instrument, and then to pay one-half of the net income of the remainder of the trust fund to the settlor's wife, Annie B. Davis, during her life, and one-half of the net income to Emma B. Andrews during her life, upon the decease of the survivor of his wife and Emma B. Andrews to divide the principal of the trust estate then remaining in its hands into a number of equal parts, and to pay over said parts to beneficiaries named, free from all trusts. Said trust deed also contained a proviso to the effect that all of the trust property and the trusts declared were subject to the condition that the settlor might at any time revoke said trusts and repossess himself of said property and its accumulations freed from the trusts or might annul or modify any of the trusts created by said deed. The settlor afterwards availed himself of this power and did modify the trust provisions in certain particulars, not material to be considered here.

Without leaving issue, but leaving as his widow Annie B. Davis and as his next of kin, Kate Atwood and Gertrude Galloway, the settlor died February 23, 1915. His widow, Annie B. Davis, died March 7, 1916. The date of the

death of Emma B. Andrews does not appear in the pleadings or transcript of evidence but it is unquestioned that she deceased before the filing of this bill. The Trust Company has refused to make distribution of said trust fund. The reason for its refusal arises from the following circumstance: On August 14, 1911, the date of the execution of said trust deed, Theodore M. Davis made his will. Upon his death this will, together with a codicil executed October 4, 1911, was duly admitted to probate in the Probate Court of Newport. The executor of the will died without making distribution of the residuary estate of the testator, which was of about $200,000 value. The Rhode Island Hospital Trust Company was appointed administrator *d. b. n. c. t. a.* of the testator's estate. Thereafter Kate Atwood individually and as administratrix of the estate of her sister Gertrude Galloway and Theodore D. Boal, as executor of the will of Annie B. Davis, brought their bill of complaint in the United States District Court for this district against the Trust Company as administrator *d. b. n. c. t. a.* of the estate of Mr. Davis, praying that the residuary clause of the will of Mr. Davis be declared void, and the residuary estate, referred to therein, adjudged to be held on a resulting trust for the benefit of the complainants in that suit as intestate property. The residuary clause in substance gave the residuary estate to the executor with direction to convert the same into cash and to pay over the same "to the Rhode Island Hospital Trust Company to be held, managed and disposed of as a part of the principal of the estate and property held by it in trust for my life and the lives of others in the same manner as though the proceeds of such sales had been deposited by me as a part of said trust estate and property." Upon appeal the Circuit Court of Appeals, First Circuit, decided (275 Fed. Rep. 513) that the testator's plan, disclosed in the residuary clause and the *inter vivos* trust together, is obnoxious to the statute of wills; that "the real disposition of this residuary estate is made not by the will but by the shifting provisions in the trust instru-

ment;" and that the residue was held by the trust company under a resulting trust for the complainants in that suit, subject to proper proceedings in the probate court and subject also to a relatively unimportant contingent provision safeguarding the rights of one Amelia Bergnon. In said cause a final decree was entered in accordance with the decision.

Thereafter Annetta S. Merrill, the first named complainant here, petitioned the Probate Court of Newport to probate said trust deed as a part of the will of Mr. Davis. The Probate Court denied the petition. The petitioner appealed and the appeal is pending in the Superior Court. The evident purpose of the petitioner is to obtain a reversal of the final decree in the Federal court if said trust deed be admitted to probate as a part of the will of Mr. Davis. The executor of the estate of the widow, and the next of kin and legal representative of the next of kin, who are the appellants here, and whom we will hereafter refer to as the widow and next of kin, gave notice to the Trust Company that they intended to claim, if said trust deed should be probated, that Mr. Davis died intestate as to the property affected by said trust deed, and that distribution of property under the provisions of that deed would be a wrongful conversion, for which the Trust Company would be individually responsible.

The suit at bar was then brought. There are many parties, complainant and respondent. All the respondents except the widow and next of kin have joined in the prayer of the bill. Save the widow and next of kin, all the parties, including the Trust Company, are dissatisfied with the decree of the Federal court, and regard it as for their interest that the trust deed be probated in order that such probate may be urged in an attempt to reverse that decree. The widow and next of kin, while claiming that the trust estate, if the deed be probated, should be held to belong to them as intestate property, are of the belief that said deed can not properly be probated and that the only effect of the pendency

of the probate proceeding is to delay the execution of the decree in their favor entered in the Federal court. They claim that while the probate proceeding is pending no distribution should be made of the trust property for the reason that, if the deed be probated, they would be entitled to a construction of the same as a testamentary instrument and that said property should be held together until they obtained such construction in order that if the same be favorable to them said property can readily be made available to them. They have no objection to the entry of a decree for distribution if the other parties be enjoined from proceeding farther for the probate of the deed; otherwise they ask that the entry of a decree in this suit await the final determination of the probate proceeding and the final construction of the deed as a testamentary instrument in the event of its probate. In open court they have expressed their willingness to expedite the probate proceeding to a final determination.

There is apparent force in these contentions of the widow and next of kin. The petitioners for probate must be regarded as claiming that the deed was executed with the formalities of a will, and also that in its execution Mr. Davis had the *animus testandi*. This court has held that an instrument executed with the prescribed formalities of a will and appointing an executor but making no disposition of property is valid as a will. *Mulholland* v. *Gillan*, 25 R. I. 87. The instrument in question does not appoint an executor. Therefore, in asking that it be treated as testamentary, the petitioner for probate must be held to claim that the instrument provides for the disposition of some or all of the property of Mr. Davis upon his death. It does by its terms provide for the disposition of property upon his death, but it is not with reference to such property directly affected by the instrument, that its probate is sought, it is for the purpose of affecting the residuary estate of Mr. Davis named in his will and codicil already probated. The position of the petitioner for probate is that, if the instru-

ment is declared to be testamentary and a part of the will and codicil, the trust provisions therein will serve as a guide in the distribution of the residuary estate under the will of Mr. Davis, but will in no way affect the property or the execution of the trusts named in the instrument itself. To this it is said by the widow and next of kin that, if the instrument in question is declared to be testamentary, their adversaries can not control its construction solely to meet the purposes of such adversaries, but its construction is a question upon which the widow and next of kin must also be heard; and further that it can not be determined now that the property referred to in the instrument, and remaining in the hands of the trust company at the death of Mr. Davis, is not testamentary property as to which they are entitled to make the same claim as that which was determined in their favor in the Federal case. Therefore at the present time there should be no distribution of such property.

As we have said, in ordinary circumstances, there would be force in the contention of the widow and next of kin, but their claim overlooks what appears to us to be a controlling consideration. In the case of *Davis* v. *Manson*, 102 Atl. 714, all the parties to this suit or their predecessors in title were parties. One of the issues in that case was as to the nature of the instrument now in question. By the decree of the Superior Court in that cause, which decree was affirmed by this court, it was adjudged that the trust in said instrument created by Mr. Davis with the Trust Company was valid, and to be carried out and executed by the Trust Company in accordance with the declaration establishing said trust. That adjudication can not be attacked collaterally in the probate proceeding. Whatever may be the outcome of that proceeding, and whatever use the petitioner may seek to make of the decree therein, if favorable to her, all of the parties hereto are bound in that collateral proceeding by the decree of the Superior Court in *Davis* v. *Manson* (*supra*) adjudging that the trusts, in said instrument declared, are valid *inter vivos* trusts, in accord-

ance with the decision of this court in *Talbot* v. *Talbot*, 32 R. I. 72. Nor can any of the parties thereto attack that decree directly. The decree was entered February 6, 1917, and was affirmed by this court January 9, 1918. In *Williams* v. *Starkweather*, 24 R. I. 512, the court held that the time for filing a bill of review in equity, by analogy with the time for filing a petition for a new trial at law, cannot exceed one year from the entry of the original decree. It therefore appears that the widow and next of kin, in no event, would be heard to urge that the property directly assigned and transferred to the Trust Company by said deed became testamentary property upon the death of Mr. Davis; nor could they obtain a construction of said deed which would be contrary to or inconsistent with the decree in *Davis* v. *Manson* (*supra*). This consideration deprives the widow and next of kin of the sole support of their contention for delay in the distribution of the trust estate now in the hands of the trustee.

The appeal is denied, and the decree of the Superior Court is affirmed. The papers in the cause are remanded to the Superior Court for further proceedings.

*Pirce & Sherwood*, for complainants.

*William R. Tillinghast, James C. Collins, Zechariah Chafee, Jr., Tillinghast & Collins*, for R. I. Hospital Trust Co. Tr.

*William R. Harvey; William E. Carnochan, Herbert Parsons*, of New York Bar; for respondent Boal, Ex.

*Lyman K. Clark*, of Boston, for respondent Kate Atwood.