## ATWOOD et al. v. RHODE ISLAND HOSPITAL TRUST CO. et al. *

## RHODE ISLAND HOSPITAL TRUST CO. v. ATWOOD et al.

Circuit Court of Appeals, First Circuit.
July 13, 1929.

Nos. 2342, 2343.

*Rehearing denied August 27, 1929.

Lyman K. Clark, of Boston, Mass., and William E. Carnochan, of New York City (Theodore C. Richards, of New York City, and William R. Harvey, of Newport, R. I., on the brief), for Atwood and Boal.

James C. Collins, of Providence, R. I. (William R. Tillinghast and Harold B. Tanner, both of Providence, R. I., on the brief), for Rhode Island Hospital Trust Co.

Robert Thorne, of New York City (Eliot G. Parkhurst and Edwards & Angell, all of Providence, R. I., on the brief), for Metropolitan Museum of Art.

Richard E. Lyman and Harry P. Cross, both of Providence, R. I., and Dallas S. Townsend, of New York City, for Barry.

Before BINGHAM and ANDERSON, Circuit Judges, and MORRIS, District Judge.

MORRIS, District Judge. This is an appeal from the District Court of Rhode Island dismissing a supplemental bill of complaint of Kate Atwood et al., brought, as is alleged, to protect and effectuate a former decree of this court and to restrain the Rhode Island Hospital Trust Company and others from continuing certain proceedings alleged to be in derogation of the complainants' rights under a decree entered in accordance with an order of this court October 14, 1921, in the case of Atwood et al. v. Rhode Island Hospital Trust Co. et al., reported 275 F. 513.

The controversy arises over the ninth clause in the will of Theodore M. Davis of Newport, R. I., who died February 23, 1915.

On the fifth day of April, 1915, the probate court of the city of Newport, R. I., duly admitted to probate a paper purporting to be the will of Theodore M. Davis dated August 14, 1911, and a codicil thereto dated October 4, 1911, as together constituting the last will and testament of Theodore M. Davis, deceased.

On the same date of the execution of the will, August 14, 1911, Davis executed a trust agreement in which he made the Rhode Island Hospital Trust Company trustee and delivered to it a large amount of property to be held and managed in accordance with the terms of the trust instrument. Under the terms of the trust the trustee was to pay the net income derived therefrom to Mr. Davis during his life and upon his decease to convert a sufficient amount of the trust estate into cash for the purpose of paying certain designated amounts to certain beneficiaries named in the deed of trust. The remainder of the trust estate not required for payment of the sums above mentioned was to be held in trust to pay the net income to his wife Annie B. Davis and to Emma B. Andrews. Upon the decease of the survivor the trustee was directed to divide the principal of the remaining trust estate into equal parts and pay over said parts, free of all trusts, to certain persons designated therein comprising about 30 in all. In the trust deed Mr. Davis reserved the right at any time during his life to revoke any or all of the trusts therein declared and to add to, annul, change, or modify in any respect whatsoever, any of the trusts or powers created or conferred.

The ninth clause of the will provides as follows: "I give, devise and bequeath all the remainder of the property, real and personal, of which I die possessed or over which I have any power of disposition, including any of the foregoing gifts which shall fail for any reason, but excepting the remainder in my real estate in said Newport after the decease of my said wife and the said Emma B. Andrews, to my said executors, or any duly appointed administrator of my estate, in trust nevertheless, to convert the whole of said property into cash as soon as reasonably possible, with power for this purpose to sell the same or any part or parts thereof at

either private or public sale, and the net proceeds of such sale or sales to pay over to the said Rhode Island Hospital Trust Company to be held, managed and disposed of as a part of the principal of the estate and property held by it in trust for my life and to the lives of others in the same manner as though the proceeds of such sales had been deposited by me as a part of said trust estate and property; and the receipt of said Trust Company shall be a full discharge to my said executors or administrators relieving them from all further liability or accountability in respect thereof. And I devise to the said Rhode Island Hospital Trust Company after the deaths of my said wife and the said Emma B. Andrews the estate in said Newport hereinbefore given to them for their lives, but in trust nevertheless for said Trust Company to convert said estate into cash as soon as reasonably possible after it becomes entitled to the possession of said estates, hereby empowering said Trust Company in the discretion of its officers or committee having charge of trust estates and with the approval in writing of the said Thomas L. Manson and Herbert Parsons or the survivor so long as both or either of them is living, to sell said estates from time to time at either private or public sale, and to add the net proceeds of any such sale or sales to the principal of the trust estate and property then held by it under the trusts theretofore created by me, and to divide and distribute said net proceeds to the same persons and in the same proportions as they are entitled to the principal of my said trust estate under the terms of said trusts; and no purchaser from my said executors or administrators, or from said Trust Company, shall be under any obligation to inquire into the propriety or regularity of any such sale or sales or to see to the application of the purchase moneys, but all transfers and conveyances from my said executors and administrators, and from said Trust Company, shall give to the purchaser as good, valid and sufficient titles to said properties, real and personal, as I die possessed of, without other act by the purchasers than the payment of the purchase moneys."

Thomas L. Manson, named as executor in the will, acted as such up to the time of his death, and thereafter the Rhode Island Hospital Trust Company was duly appointed by the probate court as administrator de bonis non with will annexed to administer the estate, and has continued to so act down to the present time.

Later proceedings in equity ([D. C.] 255 F. 162) were commenced by Kate Atwood, a resident of Massachusetts and a half-sister of the testator, in her individual capacity and as executor of the estate of Gertrude Galloway, a sister of the testator, seeking to have the residuary clause of the will of Davis declared inoperative and void.

The action was commenced in the United States District Court for the District of Rhode Island. From a decree of the District Court dismissing the bill (264 F. 360), the plaintiff Atwood appealed. The order of the District Court was reversed, a majority of this court holding that the ninth clause of the will did not incorporate by reference any existing trust instrument; that, even when explained by parole evidence concerning the inter vivos trust, the ninth clause was to be construed as relating to trust provisions by which the testator reserved the power to change the objects of his bounty by oral directions which was obnoxious to the statute of wills of the state of Rhode Island and void; and, therefore, Davis died intestate as to the residuary property.

The final conclusion of the court was that the residue of the personal property of the estate of Theodore M. Davis, subject to proper proceedings in the probate court and subject to a contingent claim of one of the original beneficiaries, was held under a resulting trust for the plaintiffs, namely, Kate Atwood in her individual capacity and as executrix of the estate of Gertrude Galloway.

The case was remanded to the District Court and a final decree entered in accordance therewith April 28, 1922. This decree has never been modified, and no bill of review has ever been filed seeking its modification.

Immediately after this court had rendered its decision and before the decree was entered upon mandate, the trust instrument executed by the decedent August 14, 1911, the same date as the will, was offered for probate in the probate court of Rhode Island as a part of the will of Theodore M. Davis. Both the probate court and the superior court upon appeal denied its probate. The case was carried to the Rhode Island Supreme Court sitting as the Supreme Court of Probate for that state; the decisions of the lower courts were reversed and the probate court was directed to admit to probate the trust instrument. Merrill v. Boal, 47 R. I. 274, 132 A. 721, 45 A. L. R. 830. Pursuant to the direction of the Supreme Court a decree was entered May 24, 1926, covering said trust instrument, will, and codicil in the language following: "Said instrument is hereby admitted for probate as a part of the will of Theodore M. Davis and as comprising, with

the will and codicil heretofore admitted to probate, the will of Theodore M. Davis; and said will and codicil heretofore admitted to probate and the instrument which is the subject matter of these proceedings are decreed to be the last will and testament of Theodore M. Davis."

On December 29, 1926, the Supreme Court of Rhode Island handed down another decision in the case of Merrill v. Atwood, 48 R. I. 72, 135 A. 402, which involved the construction, validity, and effect of the complete will as finally admitted to probate, in which it was held that the combined instruments made a valid testamentary disposition of the property mentioned in the ninth clause of the main will.

The complainant Atwood appeared in the cases pending in the Rhode Island courts; she opposed the probate of the trust instrument at each successive step until finally defeated in the state Supreme Court; and she was also heard in the so-called construction suit before the Supreme Court in the case of Merrill v. Atwood, 48 R. I. 72, 135 A. 402, and was there defeated.

Rathbun, J., speaking of the trust instrument says: "It must be admitted that said [trust] instrument was intended to, and did, create a valid inter vivos trust operating in præsenti, and that the instrument does not refer to the residuary estate mentioned in the will. The will, however, does refer to the trust instrument, indirectly we admit, but with sufficient clearness so that there is, and can be, no question as to the identity of the instrument which the testator had in mind, and the will directs that the residue of the property mentioned in the will be reduced to cash and paid to the Trust Company, to be finally distributed in accordance with the terms of the residuary clause of the trust instrument."

Further speaking as to the reservation to modify the trust instrument during the testator's lifetime, the court says: "Wills are ambulatory—that is, subject to revocation or change at the pleasure of the testator—and many persons have made wills apparently with the belief that a provision could be stricken out or a new one inserted without complying with the statutory formalities; at least many such attempts to modify wills have been made, but such attempts do not revoke or invalidate the will, and, according to the better rule, are entirely ineffectual, provided the original language remains legible. 40 Cyc. 1097, 1196. If a person in making his will attempts by specific terms to reserve the right to change the will without comply-

ing with the statutory requirements, such attempted reservation is, of course, ineffectual as a reservation, but the will would not, by reason thereof, be invalid."

The complainant Atwood and others contend in their supplemental bill of complaint, now before the court on appeal, that the former decree entered on mandate from this court, not having been modified or reversed, was and still is effective to vest in them absolute ownership of the personal residuary estate of Theodore M. Davis as though it were intestate property, notwithstanding the subsequent probate of the trust instrument and the decision of the Rhode Island Supreme Court construing the will as finally allowed.

Seventy assignments of error are alleged, but it does not seem necessary to take them up for consideration seriatim. Striking at the principal bone of contention, assignment No. 12 appears to be typical of many others and to fairly raise complainants' contention. It reads as follows: "(12) The court erred in entering the final decree of February 13, 1929, because in dismissing the plaintiffs' amended supplemental bill of complaint the court thereby refused to uphold and enforce the former decree of this court entered on April 28, 1922, under and by virtue of authority validly granted by and exercised pursuant to the Constitution and laws of the United States."

The case presents two decrees, one interpreting the complete will of Theodore M. Davis and the other an incomplete will. When the matter was first before the federal court the main instrument and codicil were all that had been probated as constituting the will. In the present action, by decree of the probate court of Rhode Island, the entire will of Theodore M. Davis consists of the main will, codicil, and trust instrument. It therefore appears that the facts now presented differ from the facts formerly presented in this court. The construction of the will as it now stands has never been and is not now before us. We are asked to determine whether or not the District Court erred in refusing to carry out the mandate and decree of April 28, 1922.

It has long been held by the United States Supreme Court that the federal courts have no probate jurisdiction and that the states have exclusive control over matters involving probate proceedings. Probate jurisdiction is wholly distinct from the jurisdiction of courts of equity, although the line of demarcation is not very distinctly drawn in the decided cases. Neither is it necessary in the instant case to try to define the precise

line of distinction, because the question of what constitutes a will and its proper authentication under the statutes of a state are clearly questions of probate jurisdiction. So in this case, the determination of whether the instrument of trust was properly authenticated as a part of the will of Theodore M. Davis was purely a question of probate law for the determination of the courts of Rhode Island. There is no jurisdiction in the federal court, either original or appellate, to determine such a question.

In the case of Fouvergne et al. v. City of New Orleans, 18 How. 470, 473 (15 L. Ed. 399), Mr. Justice Campbell, speaking of a probate decree, says: The "question, in our opinion, is closed by the decree of the alcalde. That decree declares the will to be valid and subsisting, and directs its execution. We are obliged to treat the decree as a judicial act of a court of competent jurisdiction. In fact, it was the only judicial authority in the province of Louisiana, except that exercised by the governor. This decree remains in full force, never having been impeached, except in this collateral way. The courts of the United States have no probate jurisdiction, and must receive the sentences of the courts to which the jurisdiction over testamentary matters is committed, as conclusive of the validity and contents of a will; an original bill cannot be sustained upon an allegation that the probate of a will is contrary to law." Byers v. McAuley, 149 U. S. 608, 13 S. Ct. 906, 37 L. Ed. 867; Tilt v. Kelsey, 207 U. S. 43, 45, 28 S. Ct. 1, 52 L. Ed. 95.

It is argued by the complainants that the decisions of the Rhode Island courts can in no wise vary or modify the decision of this court of October 14, 1921, holding that the residue of the personal property of Theodore M. Davis held by the trust company is to be distributed as intestate property.

As already stated, the federal courts have no probate jurisdiction. At the time our former decision was announced the res was in the possession of the probate court in Rhode Island. At that time the entire will of Davis had not been proved or offered for proof. Under the circumstances this court has no power to say to the probate court of Rhode Island we have finally determined the intestacy of the deceased with respect to his residuary property, although only half of the will was before us.

But it may be argued that we are confusing the custody of the probate court to the assets pending the strictly probate administration with the right to determine controversies over the fund when such purely pro-bate administration is ended. We are not making this error. The purely probate administration did not end until the decree of May 24, 1926, admitting the three instruments to probate, was entered. Under these circumstances it is our duty to now hold that the decision of October 14, 1921, was premature, and that it related solely to the status of the res as it was supposed to exist at the time. It has since been determined by the court having sole jurisdiction of the subject-matter that the status of the res as presented to this court and upon which our decision was based was erroneous, and there is no principle of equity jurisprudence which would compel us to enforce the decree based on such an erroneous state of facts. Northern Assurance Co. v. Grand View Building Asso., 203 U. S. 106, 27 S. Ct. 27, 51 L. Ed. 109.

It will serve no useful purpose to enter into a discussion of whether the action in the federal court was an action in rem, quasi in rem, or in personam. A federal court of equity and the Rhode Island court of probate are not courts of concurrent jurisdiction. It cannot be contended for a moment that the Rhode Island court of probate and probate appeals lacked jurisdiction to determine what constitutes a will under the laws of that state. In fact it is the only court having such jurisdiction. Having determined that fact all other courts are bound by its decision relating thereto.

It is argued that, after the District Court had first acquired jurisdiction in equity in respect to controversies over the ownership of the residuary personal estate of Mr. Davis and had also first entered its decree adjudicating ownership thereof, no other court could lawfully act in relationship to such controversy otherwise than in subordination to its first-acquired jurisdiction thereover and in recognition of such decree as an independent adjudication. It is further argued that the decree of April 28, 1922, cannot properly be left in the air.

The answer to the complainants' contention is (1) that the federal court never had jurisdiction to determine what constituted the will of Mr. Davis and (2) that it has never had before it for determination the rights of these parties under the will as finally probated in Rhode Island. The courts of that state were the first to acquire jurisdiction of the question of the construction of Davis' entire will, and the Supreme Court in Merrill v. Atwood, 48 R. I. 72, 135 A. 402, has held that Mr. Davis did not die intestate as to his residuary personal property; that he died testate, and the beneficiaries mentioned in the

instrument of trust, a part of his will, are entitled to the property disposed of by the ninth clause of the will.

It is said by Mr. Justice Matthews in the case of Ellis v. Davis, 109 U. S. 485, 497, 3 S. Ct. 327, 334 (27 L. Ed. 1006): "The original probate [of a will], of course, is mere matter of State regulation, and depends entirely upon the local law; for it is that law which confers the power of making wills, and prescribes the conditions upon which alone they may take effect; and as, by the law in almost all the States, no instrument can be effective as a will until proved, no rights in relation to it, capable of being contested between parties, can arise until preliminary probate has been first made." This language is quoted with approval by Mr. Justice White in the case of Farrell v. O'Brien, 199 U. S. 89, 107, 25 S. Ct. 727, 50 L. Ed. 101.

It is argued that the probate of the trust instrument as a part of the will does not create a new situation, and that the conditions remain precisely the same as when the case was first before this court. The distinction is that in one case the reference in the main will is to an extraneous instrument that is subject to effective change and in the other the reference is to another part of the same will which is not subject to effective change or revocation except in compliance with the Rhode Island Statute of Wills (Gen. Laws Rhode Island 1923, §§ 4291–4335). See Hoitt v. Hoitt, 63 N. H. 475, 3 A. 604, 56 Am. Rep. 530.

The question of the construction of the will, as now probated, being based upon facts different from those when the case was previously before us, is not concluded (res adjudicata) by our previous decision, and was not when that question came before the Supreme Court of Rhode Island in Merrill v. Atwood, supra. To be conclusive, the facts upon which our previous decision was based would have to be the same. They are not the same. The trust deed having been subsequently probated as a part of the will, a new and different state of facts, calling for the application of other and different principles of law, came into existence, and the question thus raised having been first presented to the Rhole Island court, a court of competent jurisdiction, and there decided, its decision on that state of facts is conclusive upon us.

The seventh and ninth clauses of Davis' will have been before the federal courts in the Second Circuit in a number of cases both before and after the probate of the trust deed. See Boal v. Metropolitan Museum of Art

(D. C.) 292 F. 299; Id. (D. C.) 292 F. 303; Id. (C. C. A.) 298 F. 894; Id. (C. C. A.) 19 F. (2d) 454, where it was finally held that the opinions of the Rhode Island Supreme Court in Merrill v. Boal and Merrill v. Atwood, supra, were binding upon the federal courts. Judge Manton in writing the opinion says: "Now the court of the last resort of Rhode Island has held that the trust deed was properly executed, and has admitted it to probate and therefore it has not failed as a will. The appellees, however, argue that the attempted disposition of the residuary property by that instrument has failed for the reason that the instrument contained a clause of revocation and modification and was therefore alterable. But the courts of Rhode Island have now held that the presence of the clause did not destroy its validity as a testamentary instrument. The courts there have gone further than merely holding that the trust deed may be probated. Merrill v. Atwood, supra. The probate [of the trust deed as a part of the will], having been declared valid and effective as a testamentary disposition, makes the residue testate, instead of intestate, and disposes of the claim of title which the next of kin assert." In this case the certiorari was denied.

It is a cardinal principal in the interpretation of wills to give effect to the intention of the testator. This the decision of the Rhode Island court accomplishes. If we were to overrule the decision of the District Court in this case and reinstate the decree first entered in this court, it would do violence to the intention of the testator and injury to a considerable number of beneficiaries.

The decree of the District Court is affirmed.

No. 2343, Rhode Island Hospital Trust Company, Admr., v. Kate Atwood et al., is a petition in the nature of a counterclaim or cross-bill praying that the complainants in No. 2342 be perpetually enjoined from enforcing the decree of April 28, 1922. The opinion of the District Court makes no reference to this phase of the case, but in the decree entered the injunction was refused. The facts disclosed show that the complainants have been persistent in their efforts to maintain what they considered their rights under the decree, but it does not appear that they have sought to do so except by appearing and resisting in an orderly course of procedure the claims of their adversaries. We must assume that the injunction was denied as a matter of discretion which we see no reason for revising.

The decree of the District Court is affirmed.

ANDERSON, Circuit Judge (dissenting in No. 2342). Pursuant to mandate of this court, a decree was entered in the court below on April 28, 1922, construing Davis' will, codicil, and *deed of trust*, as creating a resulting trust for his next of kin in the residue of his estate. 275 F. 513. That decree stands unmodified, unreversed, but unobeyed for 7 years. It is res adjudicata of this controversy. In important aspects, the question in this case is whether valid decrees of the federal courts are enforceable in this circuit.

The admission to probate, 11 years after Davis' death of the deed of trust as part of his will, made no difference in the construction of the three instruments, taken together. The legal construction of the deed (probated) is precisely the same as when this court construed it in 1921. The ninth clause of his will simply added the residue of the testamentary estate to the trust fund, all of which was subject to the donor's control as to revocation or modification, in any manner he chose, not merely (as the majority of the Rhode Island court held) in testamentary fashion.

In the majority opinion it is stated that the probate of the deed as part of the will created a new state of facts "calling for the application of other and different principles of law." What "other and different principles of law" are thus made applicable is not stated. None can be stated. The primary rule of construction of any written instrument is to determine, from the language used, the purpose of the maker of the instrument. The mere admission to probate of an instrument makes no difference whatsoever in that problem. This court and the Court of Appeals in the Second Circuit determined that Davis' purpose in reserving power to revoke or modify the trust deed was to retain full control of the entire trust estate during his life, without regard to the Statute of Wills. That purpose was not changed by the action of the Rhode Island court in admitting the deed to probate. It remains the clearly stated purpose of the creator of this trust. The probate of the deed as a part of his will is an utterly immaterial change in the facts bearing on the construction of the three instruments.

The reasoning of our decision in 275 F. 513, and the like reasoning of the Court of Appeals in the Second Circuit in Boal v. Metropolitan Museum, 298 F. 894, remain unaffected, either by the probate of the deed as part of the Davis will (Merrill v. Boal, 47 R. I. 274, 132 A. 721, 45 A. L. R. 830), or by the subsequent construction of the same three instruments by a bare majority of the Supreme Court of Rhode Island in Merrill v. Atwood, 48 R. I. 72, 135 A. 402.

The fatal defect in the reasoning of the opinion of my Associates is that it confuses probate jurisdiction with equity jurisdiction, in which this court had, and exercised, jurisdiction, long prior to that of the Rhode Island court, to construe the same instruments. Calling a deed part of a will, and admitting it to probate, does not affect the problem of its construction or cut down the power of change therein to conform to the Statute of Wills. The dissenting opinions of Judge Sweeney (concurred in by Judge Stearns) are a sufficient commentary on the proceedings of the Rhode Island court, in which a bare majority overruled probate court and superior court—four state judges to three, besides overruling a prior decision of that court, holding the three instruments not to constitute a will. Davis v. Manson (R. I.) 102 A. 714; Merrill v. R. I. H. T. Co., 45 R. I. 276, 120 A. 748, 750.

Federal courts have always exercised, in equity, jurisdiction to construe wills and enforce rights of nonresidents as against funds in the hands of executors and administrators. If their jurisdiction is the one first assumed over a controversy arising out of the construction of a will, their decrees are final and enforceable. Cornue v. Ingersoll (C. C. A.) 176 F. 194, and cases cited. Compare Gaines v. Fuentes, 92 U. S. 10, 23 L. Ed. 524; Broderick's Will, 21 Wall. 503, 22 L. Ed. 599; Payne v. Hook, 7 Wall. 425, 19 L. Ed. 260; Yonley v. Lavender, 21 Wall. 276, 22 L. Ed. 536; Byers v. McAuley, 149 U. S. 608, 13 S. Ct. 906, 37 L. Ed. 867; Ingersoll v. Coram, 211 U. S. 335, 29 S. Ct. 92, 53 L. Ed. 208; Waterman v. Canal-Louisiana Bank, 215 U. S. 33, 30 S. Ct. 10, 54 L. Ed. 80.

The decree of April 28, 1922, construing the will, codicil, and deed of trust, so long as it stands unmodified and unreversed, must be enforced, even if it were wrong. Deposit Bank v. Frankfort, 191 U. S. 499, 24 S. Ct. 154, 48 L. Ed. 276. But (I repeat) that decree stands as correct under the decision of this court and the like decision of the Court of Appeals in the Second Circuit in Boal v. Metropolitan Museum, supra.

The decree is, as held by this court in Cornue v. Ingersoll, supra, a proceeding quasi in rem and enforceable against the possessor of the estate. Subsequent intervention of the appellants in the Rhode Island probate pro-

ceedings has no bearing on their rights under the unreversed and unmodified decree of April 28, 1922. The doctrine that a court in possession of the res always has exclusive jurisdiction as to the disposition of that res was emphatically negatived by the Supreme Court in a unanimous decision as late as April 9, 1929, in the case of Riehle, Receiver, v. Margolies, 49 S. Ct. 310, 73 L. Ed. ——. In that case, Mr. Justice Brandeis states the doctrine as follows: "The establishment of a claim constituting the basis of the right to participate in the distribution of property in the possession of one court is often conclusively determined by a judgment obtained in another court. Thus, a judgment of a Federal court may establish conclusively the fact which entitles one to share in a decedent's estate in course of administration in a State court. Yonley v. Lavender, 21 Wall. 276, 22 L. Ed. 536; Hess v. Reynolds, 113 U. S. 73, 5 S. Ct. 377, 28 L. Ed. 927; Byers v. Mc-Auley, 149 U. S. 608, 620, 13 S. Ct. 906, 37 L. Ed. 867; Waterman v. Canal-Louisiana Bank, 215 U. S. 33, 30 S. Ct. 10, 54 L. Ed. 80."

It follows that the decree of distribution, made without regard to the outstanding unreversed and unmodified decree of the federal court, was nothing but defiance of the Federal courts—a plain case of contempt.

In the majority opinion it is stated that the decision of this court of October 24, 1921, "was premature," and that "it has since appeared that this court was in error and there is no principle of equity jurisprudence which would compel us to enforce an unjust and inequitable decree based upon an erroneous state of facts."

Construed in the light of the historic facts, nothing could be more plainly wrong. Davis died on February 23, 1915. His will and codicil were duly probated on April 5, 1915. In 1919 Mrs. Atwood, a resident of Massachusetts, brought her suit to establish her rights to a resulting trust in the residue of Davis' testamentary estate, obtaining a final decision in her favor in October, 1921. Her right to resort to the federal court for the enforcement of her rights was absolute. The duty of the court below, and of this court, to entertain her suit was mandatory. The jurisdiction was not taken "in error," nor was the decree "unjust and inequitable." It was the necessary legal construction of the three instruments. As pointed out by the Court of Appeals for the Second Circuit in Boal v. Metropolitan Museum, 298 F. 894, 901: "The courts have no power to make a will for him [Davis], and they have no right to divert his estate from the channels in which the statute of distributions prescribes that it shall go." Rights under statutes of distribution are based on recognition of the family as the most important unit of our society. The right to cut off heirs by will has apparently always been limited in communities deriving their codes from the civil law. Garcia v. Fantauzzi (C. C. A.) 20 F.(2d) 524, and statutes and cases cited. The statutory right to make a will cutting off the testator's whole family, except his wife, is peculiar to common-law communities. It is not a right to be extended by strained construction. Compare General Laws of Massachusetts, c. 117, §§ 6–12, providing that kindred shall be bound to support their poor relatives.