UTERHART, TRUSTEE OF STEIN, *v.* UNITED STATES.

APPEAL FROM THE COURT OF CLAIMS.

No. 214. Argued January 24, 1916.—Decided April 3, 1916.

The right to succeed to property of a decedent depends upon, and is regulated by, state law. *Knowlton* v. *Moore*, 178 U. S. 41.

The judicial construction of a will by a state court of competent jurisdiction determines not only legally but practically the extent and character of the interests taken by the legatees.

The court of the State in which the decedent's will was probated and having jurisdiction to construe the same, having decided that, as to the residuary estate, the will involved in this case constituted a trust continuing until after July 1, 1902, and that no beneficiary was entitled to receive anything except on affirmative exercise of discretion conferred upon the executors and trustees, *held* that the interests of the residuary legatees were contingent and not vested prior to July 1, 1902, within the meaning of the Refunding Act of June 27, 1902, except as to such amounts as were actually paid to the legatees prior to that date by the trustees in the exercise of their discretion.

49 Ct. Cl. 709, reversed.

THE facts, which involve the construction of the Refund Act of June 27, 1902, and right to recover certain taxes paid under the War Revenue Tax of 1898 on account of interests passing under a will, are stated in the opinion.

*Mr. H. T. Newcomb,* with whom *Mr. Morris F. Frey* was on the brief, for appellant:

The judicial construction of the will binds the Government—in denying this the Government is making a collateral attack upon the judgment of a court of competent jurisdiction, this attack being supported by nothing except suggestions of error.

*Vanderbilt* v. *Eidman,* 196 U. S. 480, applies.

The tax could lawfully have been collected upon amounts awarded to these legatees, in the exercise of the discretionary power provided for in the will, only.

The Government formerly held the view maintained in this brief.

In support of these contentions, see *Attorney-General* v. *Wade,* 79 L. J. K. B. 569; (1910) 1 K. B. 703; *Re Buchar,* 225 Pa. St. 427; *Chanler* v. *Kelsey,* 205 U. S. 466; *Cooper* v. *Reynolds,* 10 Wall. 308; *Dandridge* v. *Washington,* 2 Pet. 370; *Hertz* v. *Woodman,* 218 U. S. 205; *Ingersoll* v. *Coram,* 211 U. S. 335; *Keyser* v. *Mitchell,* 67 Pa. St. 473; *Knowlton* v. *Moore,* 178 U. S. 41; *Laing* v. *Rigney,* 160 U. S. 531; *Lyman* v. *Parsons,* 26 Connecticut, 493; *McCoach* v. *Pratt,* 236 U. S. 562; *McCoy* v. *Gill,* 156 Fed. Rep. 985; *Manson* v. *Duncanson,* 166 U. S. 533; *Muenter* v. *O'Kelley,* 195 Fed. Rep. 480; *Muenter* v. *Union Trust Co.,* 195 Fed. Rep. 480; *Cornett* v. *Williams,* 20 Wall. 226; *Nichols* v. *Eaton,* 91 U. S. 716; *Orr* v. *Gilman,* 183 U. S. 278; *Ryle* v. *United States,* 239 U. S. 658; *United States* v. *Jones,* 236 U. S. 106; *Vanderbilt* v. *Eidman,* 196 U. S. 480; Hanson's Death Duties; Hill on Trustees; Jarman on Wills; Perry on Trusts; Sugden on Powers.

*Mr. Assistant Attorney General Wallace,* with whom *Mr. William C. Herron* was on the brief, for the United States:

The case is not governed by *United States* v. *Jones,* 236 U. S. 106, or *McCoach* v. *Pratt,* 236 U. S. 562.

The burden of proof to establish that the interests of the legatees were "not absolutely vested in possession" prior to July 1, 1902, rests upon appellants.

Construction of Jones and Pratt decisions. They either mean that the interest of legatees is vested in possession when, (*a*) the right of creditors has been barred; or (*b*) when a final administration of the estate has been effected.

On this record, it must be assumed that everything had been done under New York laws to bar creditors and vest right of legatees.

It must likewise be assumed that final administration of the estate had been effected under the New York laws.

The interests of the various legatees, under paragraph 8 of the will, in the entire residuary estate, irrespective of any question of administration, had "absolutely vested in possession" prior to July 1, 1902.

The will must be read in connection with the New York decree.

The burden of proof is upon the appellants on this point also.

On any proper construction of New York decree, the interests of the legatees were absolutely vested at the common law.

The same result must follow under the act of June 27, 1902, for the reasons given in *United States* v. *Fidelity Trust Co.*, 222 U. S. 158.

In support of these contentions, see also *Burrill* v. *Sheil*, 2 Barb. 451; *Cropley* v. *Cooper*, 19 Wall. 167; *Goebel* v. *Wolf*, 113 N. Y. 405; *Hanson* v. *Graham*, 6 Vesey, 239; *Re Gossling*, 1 Ch. 448; *Re Williams*, 1 Ch. 180; *Johnson* v. *Washington Trust Co.*, 224 U. S. 224; *Lovett* v. *Gillender*, 35 N. Y. 617; *Manice* v. *Manice*, 43 N. Y. 303; *Matter of Cogswell*, 2 Damarest, 248; *Matter of Snedeker*, 114 N. Y. Supp. 936; *McArthur* v. *Scott*, 113 U. S. 340; *Potter* v. *Couch*, 141 U. S. 296; *Sanford* v. *Lackland*, 2 Dillon, 6; *Smith* v. *Edwards*, 88 N. Y. 92; *Traver* v. *Schell*, 20 N. Y.

89; *Vanderbilt* v. *Eidman,* 196 U. S. 480; *Warner* v. *Durant,* 76 N. Y. 133; Jarman on Wills, 6th ed., p. 149; Roper on Legacies, 2d Am. ed., p. 553; Theobald on Wills, Canadian ed., pp. 582–588.

MR. JUSTICE PITNEY delivered the opinion of the court.

This was a suit to recover succession taxes paid by appellants under the act of June 13, 1898 (ch. 448; 30 Stat. 448, 464), on account of interests in personal property passing to the residuary legatees under the will of Conrad Stein, deceased. It was brought under the act of June 27, 1902 (ch. 1160, § 3; 32 Stat. 406), which provides for refunding "so much of said tax as may have been collected on contingent beneficial interests which shall not have become vested prior to July first, nineteen hundred and two." The testator was domiciled in the State of New York, and the will was probated and appellants were appointed executors and trustees in that jurisdiction. The residuary legatees were seven of the nine children of testator; and at the time of his death on April 6, 1900, several of them were minors. All of the seven were living on July 1, 1902. The youngest, Carl Stein, had not attained the age of twenty-one years on that date. The residuary estate amounted to more than $1,000,000, and the taxes collected with respect to it aggregated $17,130.82, being based upon the theory that each of these legatees took a vested seventh interest at the death of the testator. If the taxes had been assessed on the advances actually made by appellants as executors and trustees for the benefit of the residuary legatees, prior to July 1, 1902, they would have amounted to only $745.12.

One of the clauses of the will contained words bequeathing the residuary estate outright to the seven children in equal shares; but this was qualified by inconsistent language in other clauses, and some time prior to January 16,

1902, one of the executors brought suit in the Supreme
Court of the State of New York against his co-executors
and the beneficiaries for a judicial construction of the
will, and a decree was made on the date mentioned, of
which the pertinent clauses are set forth in the margin.[1]

[1] "It is further ordered, adjudged and decreed: That it was the in-
tention of the said Conrad Stein, and such is the true meaning and con-
struction of his will, that the whole of his residuary estate, real and
personal, should, so far as necessary, be applied to the support and
education of his minor children, Josephine Stein, Paula Stein, Ella
Stein and Carl Stein during the minorities if Carl Stein survive such
period. To that end he gave, devised and bequeathed to Emil Heuel
and Alexander Stein his executors and trustees, and to Josephine Stein,
his executrix and trustee, all his residuary estate both real and personal,
upon trust to receive the rents, issues and profits and income thereof
until his son Carl Stein attains the age of twenty-one years, and to
apply the same to the support and education of the testator's said
minor children, Josephine Stein, Paula Stein, Ella Stein and Carl
Stein, until they respectively attain the age of twenty-one years, if
Carl Stein survive such period, and on Carl Stein attaining the age of
twenty-one years, or sooner dying, the said testator gave, devised and
bequeathed the said residuary estate, both real and personal, to his
children Charlotte Truebenbach, Wilhelmina Schneider, Elizabeth
Heuel, Josephine Stein, Paula Stein, Ella Stein and Carl Stein in equal
shares and parts.

"The said executors and executrix and trustees are empowered by
the said will to let and lease the said residuary real estate and to make
such repairs and improvements upon said residuary real estate as in
their judgment may be necessary. After the payment of taxes and other
expenses of the administration of the estate, they are to apply so much
of the rents of the real estate, and of the income of the personal estate
as shall be reasonable and proper, to the support and education of
the testator's said minor children during their respective minorities
as aforesaid. The rents of the real estate are to be applied first to the
uses aforesaid, and after making such application the said executors
and executrix and trustees are, from time to time, whenever they
shall judge proper, to divide any surplus rents among the testator's
said children, Charlotte Truebenbach, Wilhelmina Schneider, Eliza-
beth Heuel, Josephine Stein, Paula Stein, Ella Stein and Carl Stein in
equal proportions, the shares of any minor child to be paid to the guard-
ian of that child's estate.

Testator's personalty passed under the will, and the executors and trustees proceeded under and complied strictly with the directions contained in it, as interpreted and construed by the decree.

The Court of Claims held (49 Ct. Cls. 709) that the interest bequeathed by the will to the residuary legatees was a vested estate, and not a contingent beneficial interest. Citing *Vanderbilt* v. *Eidman*, 196 U. S. 480, and *United States* v. *Fidelity Trust Co.*, 222 U. S. 158.

It is very properly admitted by the Government that the New York decree is in this proceeding binding with respect to the meaning and effect of the will. The right to succeed to the property of the decedent depends upon and is regulated by state law (*Knowlton* v. *Moore*, 178 U. S. 41, 57), and it is obvious that a judicial construction of the will by a state court of competent jurisdiction determines not only legally but practically the extent and character of the interests taken by the legatees.

It is, however, contended that the will, as thus construed, either gave the residuary estate absolutely to the children by name, share and share alike, postponing pay-

"The said executors and executrix and trustees are further empowered from time to time during the minority of the said minor children to pay over by way of advance to the said Charlotte, Wilhelmina, Elizabeth, Josephine, Paula, Ella and Carl, in equal amounts or shares, so much of the capital of the testator's residuary personal estate, or the income thereof as in their judgment they may deem reasonable so to pay over, the shares going to any minor children to be paid to the guardian of that child's estate.

"It is Further Ordered, Adjudged and Decreed: That the said executors and executrix are authorized and empowered, after Carl Stein shall have attained the age of twenty-one years, to sell and convey from time to time all or any part of the testator's residuary real estate.

"And it is Further Adjudged and Decreed: That the said executors and executrix and trustees shall not be compelled to make distribution of the principal of the estate or any part thereof, except in the exercise of their reasonable discretion, until the said Carl Stein attains the age of twenty-one years."

ment merely until Carl died or reached majority, or that it gave the estate to them absolutely when Carl died or attained majority, meanwhile giving to each child the income of his or her proportionate share. With this view we cannot concur. The decree declares the true construction to be "that *the whole* of his residuary estate, real and personal, should, *so far as necessary*, be applied to the support and education of his minor children, Josephine Stein, Paula Stein, Ella Stein and Carl Stein during the minorities if Carl Stein survive such period." Then follows a clause to the effect that the trustees should apply the income to the support and education of the minor children until they respectively attained the age of twenty-one years, if Carl survived such period, and that on his attaining the age of twenty-one or sooner dying the testator gave, devised, and bequeathed the residue to the seven named (including Carl) in equal shares. A subsequent clause directs the executors and trustees "to apply *so much* of the rents of the real estate, and of the income of the personal estate *as* shall be reasonable and proper, to the support and education of the testator's said minor children during their respective minorities as aforesaid." They are empowered, during the minority of the minor children, "to pay over by way of advance" to the seven, "in equal amounts or shares, *so much* of the capital of the testator's residuary personal estate, or the income thereof *as in their judgment they may deem reasonable* so to pay over." And, finally, "the said executors and executrix and trustees shall not be compelled to make distribution of the principal of the estate or any part thereof, *except in the exercise of their reasonable discretion*, until the said Carl Stein attains the age of twenty-one years."

It will be observed not only that the trust continued until the youngest child reached the age of twenty-one, but that no one of the seven was entitled in the meantime to receive anything of either principal or income except

on the affirmative exercise of a discretion conferred upon the executors and trustees.

This having been authoritatively decided to be the true effect and meaning of the will, we are of opinion that the interests to which the residuary legatees succeeded were contingent, and not vested prior to July 1, 1902, within the meaning of the refunding act as construed in previous decisions of this court upon the subject (*Vanderbilt* v. *Eidman*, 196 U. S. 480, 500; *United States* v. *Jones*, 236 U. S. 106, 111; *McCoach* v. *Pratt*, 236 U. S. 562), except with respect to such amounts as were actually paid out of the trust fund by the trustees prior to that date, in the exercise of their discretion; the proper tax upon which, according to the findings, would have been $745.12.

The judgment will be reversed, and the cause remanded with direction to enter judgment in favor of appellants for the tax collected in excess of that amount upon the interests of the residuary legatees.

*Judgment reversed.*

Mr. Justice McReynolds took no part in the consideration or decision of this case.