## BOAL et al. v. METROPOLITAN MUSEUM OF ART OF CITY OF NEW YORK et al.

Circuit Court of Appeals, Second Circuit. May 9, 1927.

No. 228.

1. Wills ⬅90—Gift to take effect on donor's death is of testamentary character.

A gift of property to take effect on donor's death is of necessity of a testamentary character.

2. Judgment ⬅640—Construction of probated instrument, as affects testator's intent, is question for probate court.

What instrument probated shows as to testator's intent is a question for the probate court.

3. Judgment ⬅828(1)—Will and trust deed admitted to probate should be recognized by federal court as making testamentary disposition of testator's property.

So long as decree of probate court admitting will and trust deed to probate is effective, federal courts, which have no probate jurisdiction, should recognize the instruments as making a valid testamentary disposition of testator's property.

4. Judgment ⬅828(3)—Error, if any, in admitting will to probate, must be corrected in higher state courts, not federal courts.

Any error in admission of will to probate must be corrected by higher courts of state, and cannot be in effect set aside by federal court's enforcement of inconsistent judgment.

5. Courts ⬅489(13)—Federal courts have no jurisdiction to entertain suits by legatees or devisees, or to interpret testamentary provisions, except where founded on proved will.

While federal courts may have jurisdiction to entertain suits by legatees for their legacies, or by devisees to obtain their land, or to interpret testamentary provisions, it is only on the foundation of a proved will.

**6. Courts ⬤═489(13)—State courts have exclusive authority to construe statute of wills.**

State courts have exclusive and final authority to say what statute of wills means and requires.

**7. Wills ⬤═439—Intent of testator, consistent with rules of law, must control construction.**

In construing wills, intention of testator as expressed must prevail, provided it be consistent with rules of law.

**8. Wills ⬤═440—Intent of testator must be determined from language used.**

Intent of testator, controlling construction of will, must be collected from his words.

**9. Judgment ⬤═828(3)—Probate court's admission of will and trust deed to probate as constituting valid testamentary disposition held controlling on federal court, so as to preclude holding that art collection involved was intestate property.**

Where, after judgments holding provision of will making bequest of art collection invalid, because of its connection with another provision of will dependent on a contemporaneously executed invalid trust deed, the trust deed involved was admitted to probate, and by state court held, with the will, to constitute a valid testamentary disposition of the property involved, *held*, federal court was bound by determination of probate court, and could not hold that art collection involved was intestate property.

Appeal from the District Court of the United States for the Southern District of New York.

Suit by Theodore Davis Boal, as executor of the will of Annie B. Davis, deceased, and another, against the Metropolitan Museum of Art of the City of New York and another, to construe the terms of the will of Theodore M. Davis, and to have declared that the testator died intestate as to property consisting of a valuable Egyptian collection and works of art, which, by the terms of the will, pass to the Metropolitan Museum of Art of the City of New York. From a decree for plaintiffs, defendants appeal. Reversed.

See, also, 292 F. 299, 303.

Dorman & Dana, of New York City (William R. Tillinghast, of Providence, R. I., William R. Dorman, of New York City, and James C. Collins, of Providence, R. I., of counsel), for appellant Rhode Island Hospital Trust Co.

De Forest Brothers, of New York City (Robert Thorne, of New York City, of counsel), for appellant Metropolitan Museum of Art.

William E. Carnochan, of New York City (Theodore C. Richards, of New York City, Lyman K. Clark, of Boston, Mass., and William E. Carnochan and Tompkins McIlvaine,

both of New York City, of counsel), for appellees.

Before MANTON and MACK, Circuit Judges, and CAMPBELL, District Judge.

MANTON, Circuit Judge. Theodore M. Davis died at Newport, R. I., leaving a will, dated August 14, 1911, and a codicil, dated October 4, 1911, which were probated in the probate court of Rhode Island on April 5, 1915. Later, on May 24, 1926, by a decree of the probate court of Rhode Island, a trust deed executed upon the same day as his will was admitted to probate as a component part of the will. Merrill v. Boal, 47 R. I. 274, 132 A. 721, 45 A. L. R. 830. By a later decision of the highest court of Rhode Island, both of these instruments were held to constitute the testamentary disposition of Davis, and paragraph ninth, in so far as it passed real estate, was held to be valid. Merrill v. Atwood (R. I.) 135 A. 402. The will of August 14, 1911, provided in paragraphs seventh and ninth as follows:

"Seventh. Subject to the life estate therein of Mrs. Andrews, and with proviso hereinafter made, I give and bequeath to the Metropolitan Museum of Art, of the City of New York, all the pictures and frames not herein otherwise disposed of, all works of art in bronze, silver, metal, marble, ivory or other materials, pottery, antique rugs, velvets, silks, tapestries, antique glass, and the Egyptian collection of any and all kinds which may belong to my estate. I request the Museum, when it shall come into possession of the same, to exhibit in cases by themselves the Egyptian collection and all other collections which in the opinion of the trustees are suitable for cases. I also request that the pictures be associated if hung in one room, but if hung according to their schools they should be grouped; and I request that my entire collection herein given shall be designated as the 'Theodore M. Davis Collection.'

"The foregoing bequest to the Metropolitan Museum of Art is subject, however, to the condition, and I do hereby will, provide, and declare, that if the principal of my trust estate held by the Rhode Island Hospital Trust Company of Providence in said state of Rhode Island under trusts created by me, shall not be sufficient to make each part into which such principal is to be divided upon the decease of the survivor of my said wife and the said Emma B. Andrews equal at least to fifty thousand dollars ($50,000) then I give and bequeath to said Rhode Island Hospital Trust Company for the purposes of sale, and

at either public or private sales sufficient of said pictures and articles to realize a net amount equal to the deficiency in said trust estate—that is to say, sufficient to increase the value of the principal of my said trust estate so that each part thereof shall equal at least fifty thousand dollars ($50,000)—the Metropolitan Museum of Art, however, to have the right to pay any such deficiency and thereby avoid the sale of any of said pictures and articles; and should the time for delivery of said pictures and articles to the Metropolitan Museum of Art arrive before the time for the distribution of said trust estate by said trust company, the said Metropolitan Museum of Art, before taking possession of said pictures and articles, shall enter into an agreement with said trust company to make good any deficiency aforesaid or turn back to said trust company sufficient articles and pictures for sale as aforesaid.

"Ninth. I give, devise and bequeath all the remainder of the property, real and personal, of which I die possessed or over which I have any power of disposition, including any of the foregoing gifts which shall fail for any reason, but excepting the remainder in my real estate in said Newport after the decease of my said wife and the said Emma B. Andrews, to my said executors, or any duly appointed administrator of my estate, in trust nevertheless, to convert the whole of said property into cash as soon as reasonably possible, with power for this purpose to sell the same or any part or parts thereof at either private or public sale, and the net proceeds of such sale or sales to pay over to the Rhode Island Hospital Trust Company to be held, managed and disposed of as a part of the principal of the estate and property held by it in trust for my life and the lives of others in the same manner as though the proceeds of such sales had been deposited by me as a part of said trust estate and property; and the receipt of said trust company shall be a full discharge to my said executors or administrators relieving them from all further liability or accountability in respect thereof. And I devise to the said Rhode Island Hospital Trust Company after the deaths of my said wife and the said Emma B. Andrews the estate in said Newport hereinbefore given to them for their lives, but in trust nevertheless for said trust company to convert said estates into cash as soon as reasonably possible after it becomes entitled to the possession of said estate, hereby empowering said trust company in the discretion of its officers or committee having the charge of trust estates with the approval in writing of the said Thomas L.

Manson and Herbert Parsons or the survivor of them so long as both or either of them is living, to sell said estates from time to time at either private or public sale, and to add the net proceeds of any such sale or sales to the principal of the trust estate and property then held by it under the trusts theretofore created by me, and to divide and distribute said net proceeds to the same persons and in the same proportions as they are entitled to the principal of my said trust estate under the terms of said trusts. * * * "

For the appellees to prevail in their claim that the deceased died intestate as to the art collection, referred to in the will, it is necessary to hold that both the seventh and ninth paragraphs are still invalid.

The question now presented here is the proper interpretation and legal effect of these clauses of the will, in view of the probate of the trust deed and the later decisions of the Rhode Island courts. In a prior decision of this court, it was held that Metropolitan Museum of Art of the City of New York (hereafter called the Museum) could not take the collection; that any gift to the Rhode Island Hospital Trust Company (hereafter called the Trust Company) as trustee was ineffective; and that the art collection fell into the residue of the estate, which was attempted to be disposed of by the ninth clause of the will. Boal v. Metropolitan (C. C. A.) 298 F. 894. We agreed with the decision in Atwood v. Trust Co., 275 F. 513, 24 A. L. R. 156 (1st Circuit), which held that the trust sought to be created by the testator under the ninth clause of his will was void because, by the plan disclosed in the will and the trust deed together, the testator attempted to create prospectively for himself, a power to dispose of his residuary estate otherwise than by the instrument executed as a will or codicil with the formalities required by the statute of wills of Rhode Island and in violation thereof. We held that the will and deed of trust, executed on the same day, were intended to remain in effect after the testator's death, and reserved the right in the testator during his lifetime to change or abrogate any of the trusts created, and was therefore void under the statute of wills of Rhode Island as an attempt to create a power to change the testamentary disposition of property without the formal statutory requisites of a will or codicil. We said that the entire seventh clause was invalid because the gift to the Museum and to the Trust Company were interdependent and that the clause failed altogether, saying:

"Where testamentary provisions included in a general scheme are inseparably connected

and dependent upon each other, the valid part will fail with the invalid. If they are so interdependent that the illegal disposition cannot be disregarded, and the other carried out without doing violence to the intent of the testator, the disposition fails entirely."

We pointed out that the seventh and ninth clauses of the will, when read together for the purpose of construction, disclose that the dominant purpose of the testator was to insure the beneficiaries of the inter vivos trust $50,000 each before the Museum should take anything. Unless and until that purpose was effected, the Museum was not to have title to the art collection or any part of it. For that purpose, everything else was subordinate and secondary, and we said that the principal of the trust fund was never sufficient to make each part $50,000; also that the Museum was not the preferred object of the testator's bounty. We said that at Mrs. Andrews' death it was necessary for the Museum to fulfill a condition precedent; that is, making up a trust deficiency which existed, before it had an immediate right of possession of the art collection. We further said that the statutes of Rhode Island expressly provided that where a specific gift made by a will is void by reason of its being contrary to law or otherwise incapable of taking effect, it should be included in the residuary devise, if any, contained in the will (General Laws of Rhode Island 1909, c. 254, § 7), and that since the highest court of Rhode Island held (Woodward v. Congdon, 34 R. I. 316, 83 A. 433, Ann. Cas. 1914C, 809) that, although this statute applied as well in cases where the specific legatee, whose legacy fell, was also a residuary legatee, his share in the residuary estate also failed for the same reason as the specific gift.

The trust deed, which was later probated, provided that certain payments were to be made out of the principal of the trust thereby created, and the remainder was to be held in trust for the lives of his widow and one Emma B. Andrews, and the survivor of them, and the income paid over to them in equal shares as long as they both should live. Upon the death of either, one-half of the income was to be paid to the survivor as long as she lived, and the remaining one-half of the income, as far as legally possible, was to be accumulated and be held by the trustee until the termination of the trust. Upon the death of the survivor, the principal of the trust as then constituted, together with the accumulated income, was to be divided into equal parts to persons named in the trust instrument, conditioned in each case upon the survivor of the beneficiary of Mr. Davis. It contained clauses reserving the power of the creator of the trust to revoke or modify during his lifetime.

After the decision in Merrill v. Boal, supra, in the Rhode Island Supreme Court, the appellants were permitted to and did file a supplementary amended answer setting forth by appropriate allegations the decree of the Rhode Island courts admitting the trust instrument for probate and the effect as claimed by them of such probate upon the issues now presented. It is now argued by the appellants that the probate of both the will and trust deed in Rhode Island was a testamentary disposition by Mr. Davis of his property, and that the trust deed, read in conjunction with the ninth clause of the will, effectuates a complete and valid disposition of the residuary estate, and therefore there was no intestacy as to any part of the estate. It is further argued that all the parties in this suit were in the proceedings before the probate court when the trust instrument was probated, and that the fact is now judicially established that Mr. Davis did not die intestate; that the doctrine of res adjudicata bars the appellees from continuing such claim. The argument is further made that the result below fails to give to the judgment of the courts of Rhode Island the full faith and credit to which they are entitled under the Constitution of the United States. Tilt v. Kelsey, 207 U. S. 43, 28 S. Ct. 1, 52 L. Ed. 95; Northern Assurance Co. v. Grand View Building Ass'n, 203 U. S. 106, 27 S. Ct. 27, 51 L. Ed. 109.

The effect of probating the trust deed requires its full consideration in connection with the will and codicil theretofore probated. The decision of the Rhode Island court admitting to probate the trust instrument was later referred to in Merrill v. Atwood, supra, where it was held that the part of the ninth clause of the will which disposed of real estate was a valid testamentary disposition, and there Judge Rathbun said:

"In the Merrill Case (Merrill v. Boal, 47 R. I. 274 [132 A. 721, 45 A. L. R. 830]) it was recognized that a testator could not, because of the statute of wills, make a valid testamentary disposition by providing in his will that. property should pass to such persons as he might designate in a mere letter thereafter to be written by him; but we held that the testator, having executed a will with the intention that the two instruments, together constituting a will, should, after his death, unless' he revoked or modified said will, dispose of property which he owned at the time of his

decease, the testamentary disposition was not rendered invalid because he may have thought that he could modify his will without observing the statutory formalities, as by adding a codicil, even although he inserted in the will a provision purporting to reserve the right to do so. In other words, regardless of any supposed ignorance of the law or intention to reserve a right to modify his will in a non-testamentary manner, the testator had made a valid will which could be modified or revoked only in accordance with the statute of wills."

But it is argued that the probate of the trust deed has not changed the situation as it existed prior to its probate, and that the trust deed is to receive the same construction now and be treated in like manner. While this trust deed was valid inter vivos, and carried the property to the persons named in it, and this notwithstanding a reserved right to recover and modify the trust, it must also now be regarded as a valid part of his will.

[1] The appellees, as next of kin, claiming to be entitled under the trust deed regulating the disposition of the inter vivos trust, may not deny its validity as a conveyance of future interest. The property which Mr. Davis gave in the residuary clause of the will, to be disposed of according to the terms of the trust deed, was a gift of property to which he had title at the time of his death, to take effect upon his death. Such a gift is of necessity of a testamentary character. A testamentary gift is either valid, and makes the property testate, or is invalid, and the property is intestate. The appellees' claim to the property, as next of kin, in legal effect, is as a testamentary gift which has failed, and such failure has resulted in the property passing to them as intestate. They assert that they had title to the intestate property as next of kin, and any possible claim which they might make as next of kin is necessarily based, in contemplation of law, upon the proposal of the attempted disposition first possessed, a testamentary character which has failed. Now the court of last resort of Rhode Island has held that the trust deed was properly executed, and has admitted it to probate and therefore it has not failed as a will. The appellees, however, argue that the attempted disposition of the residuary property by that instrument has failed for the reason that the instrument contained a clause of revocation and modification and was therefore alterable. But the courts of Rhode Island have now held that the presence of the clause did not destroy its validity as a testamentary instrument. The courts there have gone further, than merely holding that the trust deed may be probated. Merrill

v. Atwood, supra. The probate, having been declared valid and effective as a testamentary disposition, makes the residue testate, instead of intestate, and disposes of the claim of title which the next of kin assert.

[2-4] The courts having held that the instrument was valid as an inter vivos conveyance and also valid as a will presents merely the question of construction of its terms. The clause of revocation and modification reserved the power in Mr. Davis to revoke the trusts and repossess himself of the property and the right to annul, modify, or change it. These provisions of the trust deed must be held to stand, unless the power reserved was exercised. All that Davis did was to reserve the right to change. The argument advanced that he had the intention that the trust deed as written should not govern the disposition of his residuary property, and that he had planned to make some other disposition in some other manner or by some other instrument, without complying with the formalities imposed by the statute of wills, is disposed of by the decisions of the Rhode Island courts. What the instrument probated shows as the testator's intent was a question for the probate court. If the instrument propounded for probate does not contain the true testamentary intent of the deceased, it is not his will, and should not have been admitted to probate. Testamentary capacity and execution of the instrument are not the only questions passed upon in the probate of the will. Eaton v. Brown, 193 U. S. 413, 24 S. Ct. 487, 48 L. Ed. 730. As long as the decree admitting the will and trust deed to probate is effective, the federal courts, which have no probate jurisdiction, should recognize the instruments as making a testamentary disposition of a testator's property. Any error made in the admission of the will to probate must be corrected by the higher courts of the state. Fouvergne v. New Orleans, 18 How. 470, 15 L. Ed. 399; Tarver v. Tarver, 9 Pet. 174, 9 L. Ed. 91. We said in Higgins v. Eaton (C. C. A.) 202 F. 75, 78:

"To say that the New York statutes authorize the establishment of wills of personal property within the jurisdiction, and then to say that a will, when probated, does not, on account of something relating to its execution, operate to pass the title to such property, is to assert and deny the same real thing. * * * True, she does not ask the formal setting aside of that decree, but what she does ask accomplishes the same thing. What does the New York decree amount to, if the decision of the court below be affirmed? A court which enforces an obligation in the face of

and in spite of a probate decree annuls it quite as much as does the superior tribunal, which formally sets it aside. If this court have power to grant the complainant that which she asks, it has power tantamount to that required to set aside the probate of the will. * * * These reasons lead equally to the conclusion that the federal courts will not grant relief which will in effect set aside the probate of a will or codicil. If probate proceedings are in the nature of proceedings in rem, to which all persons interested are deemed parties and by which they are concluded, they are concluded just as much from bringing suits in the face of such proceedings as they are from suing to set them aside."

[5] While the federal courts may have jurisdiction to entertain suits by legatees for their legacies, or devisees to obtain their lands, or to interpret testamentary provisions, it is only upon the foundation of a proved will. Indeed, if Mr. Davis wished, he had the right to change his will, or any of its terms, even without reserving such right.

[6-8] Because of the probate of the trust deed, and what has been said by the highest court of the state as to the validity of its clauses, the case is different than it was when here before (298 F. 894), and also from the case presented before the First circuit in 275 F. 513. We are not now at liberty to hold that the trust deed was invalid as a testamentary disposition. It is much like a situation where a new will has been found and admitted to probate. Our duty now is to consider the case from every aspect, with all the instruments before us—the original paper (called the will), the codicil, and the trust deed. The exclusive authority to enact the state law—statute of wills—and its final authority to say what it means and requires is a matter for the state courts. Jones v. Prairie Oil & Gas Co., 47 S. Ct. 338, 71 L. Ed. —— (Supreme Court, Jan. 24, 1927); Messinger v. Anderson, 225 U. S. 436, 32 S. Ct. 739, 56 L. Ed. 1152. In construing wills, it is a cardinal principle that the intention of the testator as expressed must prevail, provided it be consistent with the rules of law; and this is because it is the will of the person who makes it, and it is considered a legal declaration of that person's intention. Such intentions must be collected from his words, and ought to be carried into effect, if they be consistent with the law. Smith v. Bell, 6 Pet. 68, 8 L. Ed. 322; Meeks v. Meeks, 161 N. Y. 66, 55 N. E. 278.

The rule referred to by the appellees in Kuhn v. Fairmont Coal Co., 215 U. S. 349, 30

S. Ct. 140, 54 L. Ed. 228, and Burgess v. Seligman, 107 U. S. 20, 2 S. Ct. 10, 27 L. Ed. 359, is not applicable here, because the situation is now entirely different than that which existed at the time the federal courts first took jurisdiction, independently of the state courts. Now, the principles announced in Uterhart v. United States, 240 U. S. 598, 603, 36 S. Ct. 417, 418 (60 L. Ed. 819), are applicable:

"It is very properly admitted by the government that the New York decree is in this proceeding binding with respect to the meaning and effect of the will. The right to succeed to the property of the decedent depends upon and is regulated by state law [Knowlton v. Moore, 178 U. S. 41, 57 (20 S. Ct. 747, 44 L. Ed. 969)], and it is obvious that a judicial construction of the will by the state court of competent jurisdiction determines not only legally but practically the extent and character of the interests taken by the legatees."

See Sutherland v. Selling (C. C. A.) 16 F.(2d) 865.

[9] The testamentary disposition—the completed will of the testator—lawfully disposes of the residuary estate, and there is no necessity for intestacy. As held by the Rhode Island courts, the revocation clause is unimportant, and does not render the clauses of the will invalid because of the testator's scheme of linking together the two instruments—the main will and the trust instrument for disposing of his property. The seventh clause becomes valid by the probation of the trust instrument. The validity of the whole will—the several instruments—must be deemed to have been first passed upon by the Rhode Island courts. Northern Assur. Co. v. Grand View, etc., 203 U. S. 106, 27 S. Ct. 27, 51 L. Ed. 109.

It is the appellees' contention, however, that there is a deficiency in the estate in making up the value of each part to $50,000, and that the Museum cannot take the collection under the seventh clause of the will, and therefore the collection falls into and becomes part of the residue. Since the bequest to the Museum under the seventh clause is conditional upon meeting these legacies, if it be a fact that there is a deficiency, the Museum will have an opportunity to meet the conditions of the bequest by contributing to the payment of the legacies as provided for in the seventh clause. This may be done on a proper accounting, where it may be established whether or not there is such a deficiency and the amount thereof.

Decree reversed, with costs.