## LYETH v. HOEY, Collector of Internal Revenue.*

### No. 211.

Circuit Court of Appeals, Second Circuit.

April 11, 1938.

Lamar Hardy, U. S. Atty., of New York City (George B. Schoonmanker, of New York City, of counsel), for appellant.

Carter, Ledyard & Milburn, of New York City (J. M. Richardson Lyeth and Allin H. Pierce, both of New York City, of counsel), for appellee.

Before MANTON, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

CHASE, Circuit Judge.

The plaintiff is a grandson of Mary Beecher Longyear, late of Brookline, Mass., who died on March 14, 1931. She disposed of all her property by a will which was duly presented for probate. Its allowance was, however, contested by her heirs who in accordance with the applicable law of Massachusetts moved in the probate court that jury issues be framed in order that the validity of the will might be determined by trial by jury. The motion was granted.

Under the provisions of the will, the heirs would have received only a comparatively small portion of the estate of Mrs. Longyear. The major part of her property, making up her residuary estate, had been left to trustees under a charitable trust she had created. But before the

*Writ of certiorari granted 58 S.Ct. 1060, 82 L.Ed. ――

will contest was tried all the parties in interest entered into a settlement agreement providing for the allowance of the will and the distribution of the estate in accordance with the will and the agreement of settlement. This settlement of the will contest was approved by the probate court in a decree which allowed the will; provided for the issuance of letters testamentary to the executors named therein; and directed them "to administer the estate of said deceased in accordance with the terms of said will and said agreement of compromise."

The executors performed their duties as directed and as a result of the compromise thus carried out, the appellee received on July 26, 1933, property, determined by the Commissioner to be worth $141,484.03, which he did not include in his gross income for that year and which he would not have received under the terms of the will had that been allowed as presented for probate originally. The value of the property so received was disputed but that is of no moment on this appeal, nor will it be helpful to recite the various steps taken to carry out the compromise and turn the property over to the appellee. Because of its receipt, he was assessed, and he paid on October 16, 1936, additional income taxes for 1933 which with interest amounted to $65,005.-68. A claim for refund was duly filed and disallowed in full. Thereafter this suit was timely brought to recover the taxes and interest thus paid. On motion of the plaintiff a summary judgment for him for the amount paid with interest was entered and from that this appeal was taken.

The taxes which the plaintiff is seeking to recover were assessed and paid on what was treated as income under the provisions of section 22 of the Revenue Act of 1932, 47 Stat. 169, 178, 26 U.S.C.A. § 22 and note, which in subdivision (a), 26 U.S.C.A. § 22(a) and note, defines "gross income" as including "gains, profits, and income derived from salaries, wages, or compensation for personal service, of whatever kind and in whatever form paid, or from professions, vocations, trades, businesses, commerce, or sales, or dealings in property, whether real or personal, growing out of the ownership or use of or interest in such property; also from interest, rent, dividends, securities, or the transaction of any business carried on for gain or profit, or gains or profits and income derived from any source whatever." The basis of the plaintiff's present action is that what was taxed as income was not income within the meaning of the statute and of the sixteenth amendment. The defendant, and the defendant actually though not in form is the United States, denied that what was taxed was anything but income and as an affirmative defense alleged that in the alternative the plaintiff was liable as a distributee for estate taxes unpaid which should be set off against his present demand.

In deciding whether or not what the plaintiff received as a result of the compromise of the contest of his grandmother's will should have been included in his gross income for that year, it must not be forgotten that the statutory definition of gross income includes gains and profits growing out of an interest in property and gains and profits derived from any source whatever. The statute couples the word "income" with gains and profits but we put nothing upon that for obviously gross income does include income and the solution of the present problem is not advanced by merely saying so. But to the extent that what was received was a gain growing out of an interest in property or was a gain derived from any source whatever it did fall within the broad definition of the statute and became a part of the plaintiff's gross income for the year received.

As a grandson of the decedent, the plaintiff occupied a status under the laws of Massachusetts which entitled him to inherit a part of her estate provided she died intestate but if she died testate his right to inherit as an heir at law would be extinguished by her will when allowed and he would take, if anything, in accordance with its provisions. This status was his for whatever it might be worth but such rights as it gave to him were but the expectations of an heir at law incapable of being given any cost basis for they in fact cost him nothing. When his grandmother died leaving an instrument which she had executed as her will which purported to dispose of her entire estate, his right to inherit as an heir-at-law was not absolutely extinguished but that was made contingent upon the probate of her will. He then had, for the time being, merely the right to contest that probate. A successful contest would do away with the will and leave him in the same position as though

his grandmother had left none. His right to contest the probate of the will enabled him to participate in the compromise agreement whereby the contest was abandoned in return for the amount agreed upon. This was not the amount he would have received had there been no will and was something he did receive in spite of the will. It was the realization by him of the value of his bargaining position without running the risk of the outcome of the will contest. As what he relinquished in return for what he got had no cost basis, what he did receive, increased whatever he had to the full extent of its value. It grew out of his claim to an interest in the property comprising his grandmother's estate and was a "gain * * * from whatever source derived." This increase of the property of this plaintiff distinguishes his situation from that of the taxpayer who received the stock dividend in Eisner v. Macomber, 252 U.S. 189, 40 S.Ct. 189, 64 L.Ed. 521, 9 A.L.R. 1570, and got but new evidence of a capital interest he had before. Nor was it received in satisfaction of any duty to support the plaintiff as was the alimony in Gould v. Gould, 245 U.S. 151, 38 S.Ct. 53, 62 L.Ed. 211. Nor can it be treated in any sense as a reimbursement for capital expenditures as in Edwards v. Cuba Railroad Co., 268 U.S. 628, 45 S.Ct. 614, 69 L.Ed. 1124. The translation by this taxpayer of his right to contest the will into property capable of being given a definite money value, resulting as it did from his compromise of his claim of right to share in his grandmother's estate, was essentially like the receipt by the taxpayer in Sterling v. Commissioner of Internal Revenue, 2 Cir., 93 F.2d 304, of the money in satisfaction of her claim to an interest in the real estate there involved. As neither claim had any cost basis, it is of no consequence that the instant claim was apparently better founded in fact and law than the one in the case just mentioned. In so far as Central R. Co. v. Commissioner, 3 Cir., 79 F.2d 697, 101 A.L.R. 1448, may be thought contrary to our position herein we adhere to what was said about it in Sterling v. Commissioner, supra. Accordingly, we conclude that what this taxpayer received falls within the broad definition of gross income above quoted (see Bernard O. Kearney v. Commissioner, 31 B.T.A. 935), unless it is excluded elsewhere in the statute.

In section 22 (b) (3) of the 1934 Act, 26 U.S.C.A. § 22 (b) (3), it is provided that the value of property acquired by gift, bequest, devise, or inheritance shall not be included in gross income and the plaintiff insists that this property was in fact, if not strictly in form, acquired by inheritance. He is supported in this position by Magruder v. Segebade, 4 Cir., 94 F.2d 177, which expressly followed the decision of the district court in the instant case. With due deference, we are unable to reach the same conclusion and especially not in this instance because of the effect of the law of Massachusetts.

It is quite true that what constitutes federal taxable income is not controlled by state law. Blair v. Commissioner, 300 U.S. 5, 57 S.Ct. 330, 81 L.Ed. 465. But whether this property was received by way of inheritance or otherwise does depend upon the law of the jurisdiction under which this taxpayer received it. Uterhart v. United States, 240 U.S. 598, 36 S.Ct. 417, 60 L.Ed. 819; Sutherland v. Selling, 9 Cir., 16 F.2d 865. The procedure which was followed in reaching the compromise of the will contest was one well known in Massachusetts; one, indeed, expressly authorized by statute, St.1864, c. 173; and the nature of the receipt of the fruits of such a contest by a contestant through a compromise under which the will is allowed and the estate distributed in accordance with an approved compromise agreement is well settled by the decisions of the Supreme Court of that commonwealth. The taking is by purchase from those who get title under the allowed will and in effect transfer to the contestant under the terms of the settlement contract although the form may take that of direct distribution to the contestant by the executor. What does happen in legal effect was well stated, in Ellis v. Hunt, 228 Mass. 39, 116 N.E. 956, in these words: "The agreement for compromise, even when approved by decree of the court, is not in any accurate sense a modification of the will. The will as an entirety and in all its parts is established and admitted to probate. The court does not undertake to admit to probate a part of the will and to refuse to allow another part. But the agreement whereby the heirs at law on the one side and the devisees and legatees on the other have modified their rights under the will, is made matter of public record, its validity is approved by

the court, and the duty of carrying out its terms is placed on those executing the will. The agreement is not incorporated into the will. The will stands by itself. Although the practice is to insert a clause in the decree of the court to the effect that the estate is to be administered in accordance with the agreement, yet the rights of the parties so far as they rest upon the agreement are contractual and not testamentary." To the same effect are Brandeis v. Atkins, 204 Mass. 471, 90 N.E. 861, 26 L.R.A.,N.S., 230; Baxter v. Treasurer & Receiver General, 209 Mass. 459, 95 N.E. 854; and Brown v. McLoughlin, 287 Mass. 15, 190 N.E. 795.

Thus it seems clear that what the plaintiff received and on which he paid an income tax was actually includable in his gross income for the year of its receipt. Because this fully determines the rights of the parties on this appeal we find it unnecessary to discuss the affirmative defense above mentioned.

Judgment reversed.

AUGUSTUS N. HAND, Circuit Judge (concurring).

I concur in the opinion of Judge CHASE for the reason that there was no proof that the sum received by the taxpayer in settlement of the will contest was not wholly gain over the value of any right which passed to him on the death of the testatrix. On the record before us it is quite impossible to say whether the bequest for the benefit of the Longyear Foundation was reduced under the agreement, because of the legal strength of the contestant's position or because of avoidance by the Foundation of the expense and annoyance of litigation, or of its belief that to retain so large a portion of the estate against the protest of the relatives as would pass to it under the literal terms of the will would be unwise as a matter of policy. That many considerations other than the weighing of strict legal rights dictate the settlement of will contests is notorious. If it had been, or could have been shown what the rights of the next of kin to contest the will were worth, I am inclined to think that no taxable gain could have been assessed unless the $141,484.03 proved to be greater than that worth. It was for the reason that the rights of the taxpayer derived under the will in Sterling v. Commissioner, 2 Cir., 93 F.2d 304, were shown to be worth nothing because they had no legal validity that we held the entire amount received by her from the proceeds of sale represented a taxable gain. But there may be situations where the value of a right to contest a testamentary disposition can be established. If so, that value should furnish a base for determining whether an amount received in settlement can fairly be found to involve a gain. One example of such a situation would be where a devise clearly violated the rule against perpetuities or against the suspension of alienation. There property would pass by inheritance and other testamentary dispositions in the will would remain effective although the invalid devise was in form a testamentary gift. It would seem that if the heir settled his claims for less than his full right of inheritance and allowed the balance of the property covered by the invalid devise to pass to the person described in the will, he would in fact be receiving an inheritance, even though the mode of acquiring the portion of the estate which would pass to him would be through the mechanism of an agreement of settlement. In such a case I think he ought not to be chargeable with any taxable gain.

Where a probate court directs a transfer of a decedent's property to a person not entitled to it under a will, but who would be entitled to inherit it if there were no will, I incline to the view that the right to contest the will is of the nature of an inheritance excluded from gross income under section 22 (b) (3) of the Revenue Act of 1932, 26 U.S.C.A. § 22 (b) (3) and note, and that the amount received in exchange for his right represents a taxable gain only to the extent that it exceeds the value of the right to contest. I think, in other words, that taxation must in every case depend upon the particular facts and not upon a general rule that wherever an heir at law settles a will contest everything he may receive under the settlement represents a gain to be included in his income for taxation purposes. The difficulty in the present case is in determining the basis for computing the gain and of showing the value of the taxpayer's right to contest and that the payment of $141,484.03 to him was not wholly gain. It is because of the failure of the taxpayer to meet the burden of establishing whether his inherited

right had any value and, if so, what value it had, that he must fail. We cannot say that the amount paid in settlement was not greater than the value of the right to contest the will or that the assessment of the Commissioner was unfounded.